**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**LOUISVILLE DIVISION**

| | |
|---|---|
| Cynthia R. Barry, *on behalf of herself and others similarly situated*, | ) ) |
| | ) Case No.   3:24-cv-648-GNS |
| Plaintiff, | ) ) CLASS ACTION COMPLAINT |
| v. | ) ) JURY TRIAL DEMANDED |
| Firstsource Solutions USA, LLC, | ) ) ) |
| Defendant. | ) ) ) |

**Nature of the Action**

1. Cynthia R. Barry ("Plaintiff") brings this class action against Firstsource Solutions USA, LLC ("Defendant") under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

2. Section 227(b)(1)(A)(iii) of the TCPA sets forth restrictions on the use of automated telephone equipment and artificial or prerecorded voice calls, and provides in pertinent part:

> It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States—
>
> (A)  to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice—
>
> *****
>
> (iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call.

3. Upon information and good faith belief, Defendant routinely violates 47 U.S.C. § 227(b)(1)(A)(iii) by using an artificial or prerecorded voice in connection with non-emergency

1

calls it places or causes to be placed to telephone numbers assigned to a cellular telephone service, without prior express consent.

4. More specifically, upon information and good faith belief, Defendant routinely uses an artificial or prerecorded voice in connection with non-emergency calls it places or causes to be placed to wrong or reassigned cellular telephone numbers.

## Jurisdiction and Venue

5. This Court has subject matter jurisdiction under 47 U.S.C. § 227(b)(3) and 28 U.S.C. § 1331.

6. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b) as a substantial part of the events giving rise to this action occurred in this district, and because Defendant is headquartered in this district.

## Parties

7. Plaintiff is a natural person who at all relevant times resided in Williamson, Texas.

8. Defendant is a limited liability company based in Louisville, Kentucky.

## Factual Allegations

9. Plaintiff is, and has been since approximately September 2022, the sole and customary user of and subscriber to her cellular telephone number—(XXX) XXX-2217.

10. After Plaintiff acquired telephone number (XXX) XXX-2217, she began receiving numerous telephone calls for a "Preston Oliver."

11. Since at least September 2022, telephone number (XXX) XXX-2217 has been assigned to a cellular telephone service.

12. Defendant placed one or more calls to (XXX) XXX-2217 in January 2023.

13. Defendant placed one or more calls to (XXX) XXX-2217 in February 2023.

14. Defendant used an artificial or prerecorded voice in connection with its calls to (XXX) XXX-2217.

15. On January 25, 2023, Defendant placed or caused to be placed a call to telephone number (XXX) XXX-2217.

16. In connection with this January 25, 2023 call, Defendant delivered, or caused to be delivered, an artificial or prerecorded voice message to telephone number (XXX) XXX-2217.

17. The artificial or prerecorded voice message Defendant delivered, or caused to be delivered, to telephone number (XXX) XXX-2217 on January 25, 2023 was more than 1:45 in length.

18. The tone and speech pattern of the January 25, 2023 voice message is consistent with the use of an artificial or prerecorded voice, and not consistent with live speech.

19. The January 25, 2023 voice message Defendant delivered, or caused to be delivered, to (XXX) XXX-2217 began as follows: "Hello, this is Firstsource, calling on behalf of Brandon Regional Hospital, calling with an important message for Preston Oliver."

20. The tone and speech pattern of "Preston Oliver" is different than the remainder of the January 25, 2023 prerecorded voice message.

21. The January 25, 2023 voice message Defendant delivered, or caused to be delivered, to (XXX) XXX-2217, directed the recipient to visit "screen.firstsource.com".

22. Screen.firstsource.com is a website operated by Defendant.

23. On February 8, 2023, Defendant placed or caused to be placed a call to telephone number (XXX) XXX-2217.

24. In connection with this February 8, 2023 call, Defendant delivered, or caused to be delivered, an artificial or prerecorded voice message to telephone number (XXX) XXX-2217.

25. The artificial or prerecorded voice message Defendant delivered, or caused to be delivered, to telephone number (XXX) XXX-2217 on February 8, 2023 was more than 1:45 in length.

26. The tone and speech pattern of the February 8, 2023 voice message is consistent with the use of an artificial or prerecorded voice, and not consistent with live speech.

27. The February 8, 2023 voice message Defendant delivered, or caused to be delivered, to (XXX) XXX-2217 began as follows: "Hello, this is Firstsource, calling on behalf of Brandon Regional Hospital, calling with an important message for Preston Oliver."

28. The tone and speech pattern of "Preston Oliver" is different than the remainder of the February 8, 2023 prerecorded voice message.

29. The February 8, 2023 voice message Defendant delivered, or caused to be delivered, to (XXX) XXX-2217, directed the recipient to visit "screen.firstsource.com".

30. The prerecorded voice messages Defendant delivered, or caused to be delivered, to (XXX) XXX-2217 are identical or substantially identical.

31. The artificial or prerecorded voice messages Defendant delivered, or caused to be delivered, to (XXX) XXX-2217 referenced Defendant by name.

32. All of the artificial or prerecorded voice messages Defendant delivered, or caused to be delivered, to (XXX) XXX-2217 referenced "Preston Oliver."

33. Plaintiff received and listened to the artificial or prerecorded voice messages Defendant delivered, or caused to be delivered, to telephone number (XXX) XXX-2217.

34. Plaintiff answered at least one of the calls Defendant placed to (XXX) XXX-2217 in 2023.

35. Plaintiff informed Defendant that Defendant was calling the wrong number and to stop calling.

36. Despite being informed that it was calling the wrong number, Defendant continued to place calls, and deliver artificial or prerecorded voice messages, to (XXX) XXX-2217 in 2023.

37. Plaintiff does not, and at the time of the subject calls did not, have an account with Defendant.

38. Plaintiff is not, and never was, one of Defendant's customers.

39. Plaintiff does not, and at the time of the subject calls did not, have an account with Brandon Regional Hospital.

40. Plaintiff has never received services from Brandon Regional Hospital.

41. Plaintiff has never been a patient of Brandon Regional Hospital.

42. Brandon Regional Hospital is owned by HCA Healthcare Inc.

43. Plaintiff did not provide telephone number (XXX) XXX-2217 to Defendant.

44. Plaintiff did not provide telephone number (XXX) XXX-2217 to Brandon Regional Hospital.

45. Plaintiff did not provide Defendant with consent to place calls, in connection with which it used an artificial or prerecorded voice, to telephone number (XXX) XXX-2217.

46. Plaintiff did not provide Brandon Regional Hospital with consent to place calls, in connection with which it used an artificial or prerecorded voice, to telephone number (XXX) XXX-2217.

47. Defendant's calls were intended for a person named Preston Oliver.

48. Plaintiff is not Preston Oliver.

49. Plaintiff does not know Preston Oliver.

50. Defendant did not have Plaintiff's prior express consent to place any calls to telephone number (XXX) XXX-2217.

51. Defendant placed the subject calls to telephone number (XXX) XXX-2217 for non-emergency purposes.

52. Defendant placed the subject calls, and delivered or caused to be delivered artificial or prerecorded voice messages, to telephone number (XXX) XXX-2217 for a commercial purpose.

53. Defendant placed the subject calls to telephone number (XXX) XXX-2217 voluntarily.

54. Defendant placed the subject calls to telephone number (XXX) XXX-2217 under its own free will.

55. Defendant had knowledge that it was using an artificial or prerecorded voice in connection with the subject calls it placed to telephone number (XXX) XXX-2217.

56. The subject prerecorded voice messages are generic—*i.e.*, Defendant delivered identical messages to telephone number (XXX) XXX-2217—and the messages do not sound like a normal live speech pattern.

57. Given the generic nature of the messages and the uniform content of the messages, the messages Defendant delivered, or caused to be delivered, to telephone number (XXX) XXX-2217 were prerecorded in nature.

58. Defendant's records will identify each call it placed or caused to be placed to telephone number (XXX) XXX-2217.

59. Defendant's records will identify each prerecorded voice message it played or delivered, or attempted to play or deliver, to telephone number (XXX) XXX-2217.

60. Plaintiff suffered actual harm as a result Defendant's subject calls to telephone number (XXX) XXX-2217, in connection with which Defendant used an artificial or prerecorded voice, in that Plaintiff suffered an invasion of privacy, an intrusion into her life, and a private nuisance.

61. Plaintiff found the artificial or prerecorded voice messages to be irritating and invasive.

62. Upon information and good faith belief, Defendant, as a matter of pattern and practice, uses or causes to be used an artificial or prerecorded voice in connection with calls it places or causes to be placed to telephone numbers assigned to a cellular telephone service, absent prior express consent.

## Class Action Allegations

63. Plaintiff brings this action under Federal Rule of Civil Procedure 23, and as a representative of the following class:

> All persons throughout the United States (1) to whom Firstsource Solutions USA, LLC placed or caused to be placed a call, (2) regarding or referencing an HCA Healthcare Inc.-operated health care facility, (3) directed to a telephone number assigned to a cellular telephone service, but not assigned to a person with an account assigned to or serviced by Firstsource Solutions USA, LLC, (4) in connection with which Firstsource Solutions USA, LLC used or caused to be used an artificial or prerecorded voice, (5) from four years prior to the filing of this complaint through the date of class certification.

64. Excluded from the class are Defendant, Defendant's officers and directors, members of their immediate families and their legal representatives, heirs, successors, or assigns, and any entity in which Defendant has or had a controlling interest.

65. Upon information and belief, the members of the class are so numerous that joinder of all of them is impracticable.

66. The exact number of the members of the class is unknown to Plaintiff at this time

and can be determined only through appropriate discovery.

67. The proposed class is ascertainable because it is defined by reference to objective criteria.

68. In addition, the members of the class are identifiable in that, upon information and belief, their telephone numbers, names, and addresses can be identified in business records maintained by Defendant and by third parties, including class members.

69. Plaintiff's claims are typical of the claims of the members of the class.

70. As it did for all members of the class, Defendant placed calls to Plaintiff's cellular telephone number in connection with which it used an artificial or prerecorded voice.

71. Plaintiff's claims, and the claims of the members of the class, originate from the same conduct, practice, and procedure on the part of Defendant.

72. Plaintiff's claims are based on the same theories as the claims of the members of the class.

73. Plaintiff suffered the same injuries as the members of the class.

74. Plaintiff will fairly and adequately protect the interests of the members of the class.

75. Plaintiff's interests in this matter are not directly or irrevocably antagonistic to the interests of the members of the class.

76. Plaintiff will vigorously pursue the claims of the members of the class.

77. Plaintiff has retained counsel experienced and competent in class action litigation.

78. Plaintiff's counsel will vigorously pursue this matter.

79. Plaintiff's counsel will assert, protect, and otherwise represent the members of the class.

80. The questions of law and fact common to the members of the class predominate over questions that may affect individual members of the class.

81. Issues of law and fact common to all members of the class are:

   a. Defendant's violations of the TCPA;

   b. Defendant's conduct, pattern, and practice as it pertains to dialing or causing to be dialed wrong or reassigned cellular telephone numbers;

   c. Defendant's conduct, pattern, and practice as it pertains to placing or causing to be placed calls in connection with which it used or caused to be used an artificial or prerecorded voice to wrong or reassigned cellular telephone numbers;

   d. Defendant's use of an artificial or prerecorded voice; and

   e. The availability of statutory penalties.

82. A class action is superior to all other available methods for the fair and efficient adjudication of this matter.

83. If brought and prosecuted individually, the claims of the members of the class would require proof of the same material and substantive facts.

84. The pursuit of separate actions by individual members of the class would, as a practical matter, be dispositive of the interests of other members of the class, and could substantially impair or impede their ability to protect their interests.

85. The pursuit of separate actions by individual members of the class could create a risk of inconsistent or varying adjudications, which might establish incompatible standards of conduct for Defendant.

86. These varying adjudications and incompatible standards of conduct, in connection with presentation of the same essential facts, proof, and legal theories, could also create and allow the existence of inconsistent and incompatible rights within the class.

87. The damages suffered by individual members of the class may be relatively small, thus, the expense and burden to litigate each of their claims individually make it difficult for the members of the class to redress the wrongs done to them.

88. The pursuit of Plaintiff's claims, and the claims of the members of the class, in one forum will achieve efficiency and promote judicial economy.

89. There will be little difficulty in the management of this action as a class action.

### Count I: Violation of 47 U.S.C. § 227(b)(1)(A)(iii)

90. Plaintiff repeats and re-alleges each and every factual allegation contained in paragraphs 1 through 89.

91. Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) by using or causing to be used an artificial or prerecorded voice in connection with calls it placed, or caused to be placed, to Plaintiff's cellular telephone number, and to the cellular telephone numbers of the members of the class, without consent.

92. As a result of Defendant's violations of 47 U.S.C. § 227(b)(1)(A)(iii), Plaintiff and the members of the class are entitled to damages in an amount to be proven at trial.

### Prayer for Relief

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Determining that this action is a proper class action;

b) Designating Plaintiff as a representative of the class under Federal Rule of Civil Procedure 23;

    c) Designating Plaintiff's counsel as class counsel under Federal Rule of Civil Procedure 23;

    d) Adjudging and declaring that Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii);

    e) Awarding Plaintiff and the members of the class damages under 47 U.S.C. § 227(b)(3)(B);

    f) Awarding Plaintiff and the class reasonable attorneys' fees, costs, and expenses under Rule 23 of the Federal Rules of Civil Procedure;

    g) Awarding Plaintiff and the members of the class any pre-judgment and post-judgment interest as may be allowed under the law; and

    h) Awarding such other and further relief as the Court may deem just and proper.

## Demand for Jury Trial

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury of any and all triable issues.

Date: November 8, 2024

/s/ *Shireen Hormozdi Bowman*
Shireen Hormozdi Bowman
Kentucky Bar No. 93993
Hormozdi Law Firm, LLC
1770 Indian Trail Lilburn Road
Suite 350
Norcross, GA 30093
Tel: (678) 395-7795
shireen@norcrosslawfirm.com

Michael L. Greenwald*
Greenwald Davidson Radbil PLLC
5550 Glades Road, Suite 500
Boca Raton, FL 33431
Tel: (561) 826-5477
mgreenwald@gdrlawfirm.com

Counsel for Plaintiff

*to seek admission *pro hac vice*

11