UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:24-CV-00648-GNS

CYNTHIA R. BARRY                                                                                          PLAINTIFF

v.

FIRSTSOURCE SOLUTIONS USA, LLC                                                              DEFENDANT

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant's Motion to Dismiss (DN 14). The motion is ripe for adjudication.

## I.     BACKGROUND

Plaintiff Cynthia Barry ("Barry") alleges that she received numerous prerecorded messages to her cell phone from Defendant Firstsource Solutions USA, LLC ("Firstsource") between January and February 2023. (Compl. ¶¶ 1, 9-39, DN 1). Barry claims the calls were made by Firstsource calling on behalf of Brandon Regional Hospital to locate an individual named Preston Oliver ("Oliver"). (Compl. ¶¶ 1, 27, 47, 48). Barry has never been a customer nor received services from Firstsource or Brandon Regional Hospital. (Compl. ¶¶ 36-41). Barry also alleges that she never gave her phone number to or consented to receiving calls from Firstsource or Brandon Regional Hospital. (Compl. ¶¶ 43-46, 50).

Barry contends that the calls were made using an "artificial or prerecorded voice" based on the "tone and speech pattern" of the voice and its general inconsistency with live speech. (Compl. ¶¶ 18-20, 24, 26). Each call allegedly referenced Firstsource by name and referenced Oliver. (Compl. ¶¶ 31-32). Barry answered at least one of the calls and informed the caller that it had the

wrong number. (Compl. ¶¶ 34-35). Firstsource allegedly still continued to call despite Barry's request that the calls cease. (Compl. ¶ 36).

Barry filed this action against Firstsource asserting claims for violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, on her own behalf and on behalf of others for harms that include "an invasion of privacy, an intrusion into her life, and a private nuisance." (Compl. ¶¶ 60, 63-92). Firstsource has moved to dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(6). (Def.'s Mot. Dismiss, DN 14).

## II.  JURISDICTION

The Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331 because a federal question is presented.

## III.  DISCUSSION

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," and is subject to dismissal if it "fail[s] to state a claim upon which relief can be granted . . . ." Fed. R. Civ. P. 8(a)(2); Fed. R. Civ. P 12(b)(6). When considering a motion to dismiss, "courts must accept as true all material allegations of the complaint[] and must construe the complaint in favor of the complaining party." *Binno v. Am. Bar Ass'n*, 826 F.3d 338, 344 (6th Cir. 2016) (citation omitted). To survive a motion to dismiss under Rule 12(b)(6), the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Traverse Bay Area Intermediate Sch. Dist. v. Mich. Dep't of Educ.*, 615 F.3d 622, 627 (6th Cir. 2010) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Bennett v. MIS Corp.*, 607 F.3d 1076, 1091 (6th Cir. 2010)). A claim becomes plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "A complaint will

be dismissed pursuant to Rule 12(b)(6) if no law supports the claim made, if the facts alleged are insufficient to state a claim, or if the face of the complaint presents an insurmountable bar to relief." *Southfield Educ. Ass'n v. Southfield Bd. of Educ.*, 570 F. App'x 485, 487 (6th Cir. 2014) (citing *Twombly*, 550 U.S. at 561-64).

Under the TCPA, no person may: "(1) 'initiat[e] any telephone call to any residential telephone line using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party'; or (2) mak[e] live calls to residential telephone numbers that have been placed on the national do-not-call registry." *Harrison v. Humana, Inc.*, No. 3:24-CV-00262-GNS, 2024 WL 4828737, at *2 (W.D. Ky. Nov. 19, 2024) (citation omitted). The Federal Communications Commission ("FCC") is the federal agency responsible for the enforcement and implementation of the TCPA and defines a "telemarketer" to mean "the person or entity that initiates a [telemarketing] call . . . ." *Id.* (alteration in original) (internal quotation marks omitted) (citation omitted). As this Court has explained:

> "A call is initiated by a person 'when it takes the steps necessary to physically place a telephone call, and generally does not include persons or entities . . . that might merely have some role, however minor, in the causal chain that results in the making of a telephone call.'"

*Id.* (citation omitted). The FCC has also recognized liability even when the person or business does not place the call themselves:

> For even when a seller does not "initiate" a call under the TCPA, . . . it may be held vicariously liable for certain third-party telemarketing calls. In particular, . . . the seller may be held vicariously liable under federal common law principles of agency for TCPA violations committed by third-party telemarketers. In this regard, . . . a seller may be liable for violations by its representatives under a broad range of agency principles, including not only formal agency, but also principles of apparent authority and ratification.

*Id*. (citation omitted); *see also* 47 U.S.C. § 227(c)(5) (stating that there is a private cause of action for calls made in violation of the TPCA "by or on behalf of the same entity in violation of the regulations prescribed under this subsection").

Firstsource seeks dismissal of Barry's claims on two main grounds: the Complaint fails to state a claim under the TCPA by failing to allege a proper theory of liability and that Barry has failed to plead non-conclusory facts as to support an inference that Firstsource used an artificial or prerecorded voice in the calls. (Def.'s Mot. Dismiss 2-4, 13). Barry responds that she has stated a proper theory of liability—direct liability—because she alleges that Firstsource directly made or is responsible for the calls. (Pl.'s Resp. Def.'s Mot. Dismiss 5-6, 9, 13, DN 15). If her allegations are insufficient, Barry then requests leave to amend her Complaint. (Pl.'s Resp. Def.'s Mot. Dismiss 13). At the motion to dismiss stage, the Court must consider whether Barry has alleged "factual content that allows the court to draw the reasonable inference that [Firstsource] is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). Explicit pleading of an agency relationship is not required to survive a motion to dismiss. *See Eldridge v. Cabela's Inc.*, No. 3:16-CV-536-DJH, 2017 WL 4364205, at *5 (W.D. Ky. Sept. 29, 2017). While Firstsource argues that Barry has not properly plead her allegations, it would otherwise be impossible for Barry to know of the alleged caller's relationship with Firstsource—if any—without discovery, but pleading the existence of an "apparent relationship" is sufficient. *See Hodgin v. Parker Waichman LLP*, No. 3:14-CV-733-DJH, 2015 WL 13022289, at *2 (W.D. Ky. Sept. 30, 2015).

In determining whether there has been a violation of the TCPA, "the relevant question is a [d]efendant's purpose in initiating the calls, not what occurred on each call." *Jewell v. Magnolia Bank, Inc.*, No. 3:23-CV-78-RGJ, 2024 WL 203972, at *3 (W.D. Ky. Jan. 17, 2024) (quoting

4

*Bennett v. GoDaddy.com LLC*, No. CV-03908-PHX-ROS, 2019 WL 155291, at *8 (D. Ariz. Mar. 15, 2019)). "Where 'the context of a call indicates that it was initiated and transmitted to a person for the purpose of promoting property, goods, or services,' the TCPA has been violated, even if the call was not answered." *Id.* (quoting *Bennett*, 2019 WL 1552911, at *8).

Though Firstsource argues otherwise, *Jewell v. Magnolia Bank, Inc.*, No. 3:23-CV-78-RGJ, 2024 WL 203972 (W.D. Ky. Jan. 17, 2024), applies to this case. In *Jewell*, this Court considered whether a plaintiff had stated violations of the TCPA arising from calls allegedly made by a bank and its agents. *See Jewell*, 2024 WL 203972, at *1. In denying the motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the Court held that the plaintiff had stated TCPA claims based on direct liability and implied actual authority but declined to consider whether those claims were supported based on theories of apparent authority or ratification. *See id.* at *4. This holding was based on the plaintiff's allegations that the defendant had made the unsolicited calls when the caller identified himself as a representative of the defendant and called with the "purpose of promoting property, goods, or services . . . ." *Id.* at *1, *4 (internal quotations omitted).

In the Complaint, Barry alleges that the calls placed from January to February 2023 began with a prerecorded voice and the speaker self-identified as calling from Firstsource. (Compl. ¶¶ 19, 27). Barry has also alleged that the voice message directed the recipient to Firstsource's website, pointing to the existence of an "apparent relationship," that meets the required threshold at this stage. (Compl. ¶¶ 21-22); *see Hodgin*, 2015 WL 13022289, at *2. Taking these allegations as true, Barry has stated a TCPA claim by alleging that these calls were directly initiated by Firstsource. The cases cited by Firstsource either involve different sets of facts where the caller did not identify themself or do not apply because Barry only alleged more than just the content of the calls by including details such as the time period of when the calls occurred and use of an

5

artificial voice. (*See* Def.'s Mot. Dismiss 5-6, 8-10). The motion to dismiss is denied on these grounds.

Firstsource contends that Barry has not adequately alleged the use of an artificial or prerecorded voice. (Def.'s Mot. Dismiss 13). Sister courts have recognized a plaintiff must make "'some additional factual allegations, no matter how minor, in addition to parroting the language of the statute,' to sufficiently allege that [a] [d]efendant utilized a prerecorded or artificial voice or used an ATDS system." *Katz v. CrossCountry Mortg.*, LLC, No. 1:22-CV-00925, 2022 WL 16950481, at *3 (N.D. Ohio Nov. 15, 2022) (quoting *Reo v. Caribbean Cruise Line, Inc.*, No. 1:14 CV 1374, 2016 WL 1109042, at *4 (N.D. Ohio Mar. 18, 2016) ). "It is not unreasonable [] to require a plaintiff to describe the phone messages he received in laymen's terms or provide the circumstances surrounding them to establish his belief that the messages were pre-recorded or delivered via the ATDS.'" *Johansen v. Vivant, Inc.*, No. 12 C 7159, 2021 WL 6590551, at *3 (N.D. Ill. Dec. 18, 2012). Sister courts have also only found these allegations of the artificial or prerecorded voice to be insufficient when a complaint "lack[ed] *any* factual allegations that would support a finding . . . as to this element of [the] TCPA claim." *Wallack v. Mercantile Adjustments Bureau, Inc.*, No. 14-10387, 2014 WL 1515852, at *7 (E.D. Mich. Apr. 18, 2014) (emphasis added).

Barry's Complaint certainly meets the threshold required to survive a motion to dismiss. She states that the calls seemed to be artificial or prerecorded in nature because the tone and intonation of the caller were unnatural and did not reflect live speech. (Compl. ¶¶ 17-20, 25-28). Barry also notes that Oliver's name was said in a distinct manner that sounded different than the rest of the prerecorded message. (Compl. ¶¶ 20, 28-22). Barry plainly offers allegations regarding the use of prerecorded and artificial language used in the calls as required by the TCPA. *See Lucas*,

2019 WL 3021233, at *5 (citations omitted). Firstsource argues that Barry fails to state "which technology was used[,]" "provide sufficient contextual details[,]" or differentiate between a "generic" and "identical" message. (*See* Def.'s Mot. Dismiss 15-18). Ultimately, this is a higher standard than is necessary for Barry's allegations to survive a motion to dismiss. *See Iqbal*, 556 U.S. at 678. The motion to dismiss is denied for this reason as well.

## V. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss (DN 14) is **DENIED**.

Greg N. Stivers, Chief Judge
United States District Court

June 25, 2025

cc: counsel of record