## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## LOUISVILLE DIVISION

| | |
|---|---|
| **CYNTHIA R. BARRY, on behalf of herself and others similarly situated,** | |
| **Plaintiff,** | |
| **v.** | **Case No. 3:24-cv-00648-GNS** |
| **FIRSTSOURCE SOLUTIONS USA, LLC,** | |
| **Defendant.** | |

### ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

Defendant Firstsource Solutions USA, LLC ("Defendant" or "Firstsource"), in accordance with Fed. R. Civ. P. 12, hereby respectfully submits its Answer and Affirmative Defenses to the Complaint (Dkt. 1, "Complaint")[1] filed by Plaintiff Cynthia R. Barry ("Plaintiff") in the above-captioned matter, and answers and responds as follows:

### NATURE OF THE ACTION

1.     As to Paragraph 1 of the Complaint, Defendant admits only that Plaintiff purports to bring claims on behalf of herself and putative class members under the Telephone Consumer Protection Act ("TCPA") but denies that Defendant violated the TCPA or any other applicable law, or that Plaintiff has stated a plausible claim for relief or has standing to bring a claim under

---

[1] Defendant submits this Answer and Affirmative Defenses so as to comply with its obligation to file a responsive pleading under Fed. R. Civ. P. 12(a)(4)(A). It is submitted without prejudice to Defendant's right, pursuant to applicable rules and law, to file a motion seeking interlocutory appeal of the Court's Order of June 25, 2025 (*see* Dkt. 19) denying its Motion to Dismiss Plaintiff's Complaint (*see* Dkt. 14) pursuant to 28 U.S.C. § 1292(b), and is without prejudice to Defendant's anticipated motion to bifurcate discovery, both of which Defendant intends to file forthwith. Nothing in this Answer should be understood as waiving any rights or objections with respect thereto.

the TCPA, or that this case is worthy or capable of class treatment, or that Plaintiff is entitled to injunctive relief. Defendant denies any and all remaining allegations of Paragraph 1.

2.      The allegations in Paragraph 2 of the Complaint, in whole or in part, reflect legal conclusions and citations to legal authority which speak for themselves and, therefore, no response is required. To the extent a response is required, Defendant denies that it violated the TCPA and further denies any and all remaining in Paragraph 2 of the Complaint.

3.      Defendant denies all allegations in Paragraph 3 of the Complaint.

4.      Defendant denies all allegations in Paragraph 4 of the Complaint.

### JURISDICTION AND VENUE

5.      The allegations in Paragraph 5 of the Complaint, in whole or in part, do not reflect allegations of fact against Defendant and reflect legal conclusions and citations to legal authority which speak for themselves and, therefore, no response is required. To the extent a response is deemed required, Defendant admits only that Plaintiff's Complaint purports to invoke this Court's federal subject matter jurisdiction to the extent the TCPA is a federal statute and thus presents a federal question, but denies that this Court has federal subject matter jurisdiction in this action to the extent that Plaintiff lacks Article III standing, and further denies implication of liability that may be inferred therefrom. Defendant denies any and all remaining allegations in Paragraph 5.

6.      The allegations in Paragraph 6 of the Complaint, in whole or in part, reflect legal conclusions to which no response is required. To the extent a response is deemed required, Defendant admits only that it is headquartered in this District, but denies that Defendant violated the TCPA or any other applicable law, and further denies implication of liability that may be inferred therefrom. Any remaining allegations of Paragraph 6 are denied.

## PARTIES

7.      Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 7 of the Complaint and on this basis denies them.

8.      Defendant admits only that Firstsource is a limited liability company headquartered in Louisville, Kentucky, but denies implication of liability that may be inferred therefrom, and further denies any and all remaining allegations in Paragraph 8 of the Complaint.

## FACTUAL ALLEGATIONS

9.      Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9 of the Complaint and on this basis denies them, and further denies implication of liability that may be inferred therefrom.

10.      Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10 of the Complaint and on this basis denies them, and further denies implication of liability that may be inferred therefrom.

11.      Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11 of the Complaint and on this basis denies them, and further denies implication of liability that may be inferred therefrom.

12.      Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12 of the Complaint (particularly to the extent the full number is not provided) and, on this basis, denies them, and further denies any implication of liability against Defendant relating thereto. Any remaining allegations in Paragraph 12 are denied.

13.      Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13 of the Complaint (particularly to the extent the full number is

not provided) and, on this basis, denies them, and further denies any implication of liability against Defendant relating thereto. Any remaining allegations in Paragraph 13 are denied.

14.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14 of the Complaint (particularly to the extent the full number is not provided) and, on this basis, denies them, and further denies any implication of liability against Defendant relating thereto. Any remaining allegations in Paragraph 14 are denied.

15.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15 of the Complaint (particularly to the extent the full number is not provided) and, on this basis, denies them, and further denies any implication of liability against Defendant relating thereto. Any remaining allegations in Paragraph 15 are denied.

16.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16 of the Complaint (particularly to the extent the full number is not provided) and, on this basis, denies them, and further denies any implication of liability against Defendant relating thereto. Any remaining allegations in Paragraph 16 are denied.

17.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17 of the Complaint (particularly to the extent the full number is not provided) and, on this basis, denies them, and further denies any implication of liability against Defendant relating thereto. Any remaining allegations in Paragraph 17 are denied.

18.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18 of the Complaint and, on this basis, denies them, and further denies any implication of liability against Defendant relating thereto. Any remaining allegations in Paragraph 18 are denied.

19.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19 of the Complaint (particularly to the extent the full number is not provided) and, on this basis, denies them, and further denies any implication of liability against Defendant relating thereto. Any remaining allegations in Paragraph 19 are denied.

20.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20 of the Complaint and, on this basis, denies them, and further denies any implication of liability against Defendant relating thereto. Any remaining allegations in Paragraph 20 are denied.

21.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21 of the Complaint (particularly to the extent the full number is not provided) and, on this basis, denies them, and further denies any implication of liability against Defendant relating thereto. Any remaining allegations in Paragraph 21 are denied.

22.     As to the allegations in Paragraph 22 of the Complaint, Defendant admits only that the identified website is Firstsource's website, but denies any implication of liability against Defendant relating thereto. Any remaining allegations in Paragraph 22 are denied.

23.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 23 of the Complaint (particularly to the extent the full number is not provided) and, on this basis, denies them, and further denies any implication of liability against Defendant relating thereto. Any remaining allegations in Paragraph 23 are denied.

24.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 24 of the Complaint (particularly to the extent the full number is not provided) and, on this basis, denies them, and further denies any implication of liability against Defendant relating thereto. Any remaining allegations in Paragraph 24 are denied.

25.      Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 25 of the Complaint (particularly to the extent the full number is not provided) and, on this basis, denies them, and further denies any implication of liability against Defendant relating thereto. Any remaining allegations in Paragraph 25 are denied.

26.      Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 26 of the Complaint and, on this basis, denies them, and further denies any implication of liability against Defendant relating thereto. Any remaining allegations in Paragraph 26 are denied.

27.      Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 27 of the Complaint (particularly to the extent the full number is not provided) and, on this basis, denies them, and further denies any implication of liability against Defendant relating thereto. Any remaining allegations in Paragraph 27 are denied.

28.      Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 28 of the Complaint and, on this basis, denies them, and further denies any implication of liability against Defendant relating thereto. Any remaining allegations in Paragraph 28 are denied.

29.      Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 29 of the Complaint (particularly to the extent the full number is not provided) and, on this basis, denies them, and further denies any implication of liability against Defendant relating thereto. Any remaining allegations in Paragraph 29 are denied.

30.      Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 30 of the Complaint (particularly to the extent the full number is

not provided) and, on this basis, denies them, and further denies any implication of liability against Defendant relating thereto. Any remaining allegations in Paragraph 30 are denied.

31.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 31 of the Complaint (particularly to the extent the full number is not provided) and, on this basis, denies them, and further denies any implication of liability against Defendant relating thereto. Any remaining allegations in Paragraph 31 are denied.

32.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 32 of the Complaint (particularly to the extent the full number is not provided) and, on this basis, denies them, and further denies any implication of liability against Defendant relating thereto. Any remaining allegations in Paragraph 32 are denied.

33.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 33 of the Complaint and, on this basis, denies them, and further denies any implication of liability against Defendant relating thereto. Any remaining allegations in Paragraph 33 are denied.

34.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 34 of the Complaint and, on this basis, denies them, and further denies any implication of liability against Defendant relating thereto. Any remaining allegations in Paragraph 34 are denied.

35.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 35 of the Complaint and, on this basis, denies them, and further denies any implication of liability against Defendant relating thereto. Any remaining allegations in Paragraph 35 are denied.

36.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 36 of the Complaint (particularly to the extent the full number is not provided) and, on this basis, denies them, and further denies any implication of liability against Defendant relating thereto. Any remaining allegations in Paragraph 36 are denied.

37.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 37 of the Complaint and, on this basis, denies them, and further denies any implication of liability against Defendant relating thereto. Any remaining allegations in Paragraph 37 are denied.

38.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 38 of the Complaint and, on this basis, denies them, and further denies any implication of liability against Defendant relating thereto. Any remaining allegations in Paragraph 38 are denied.

39.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 39 of the Complaint and, on this basis, denies them, and further denies any implication of liability against Defendant relating thereto. Any remaining allegations in Paragraph 39 are denied.

40.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 40 of the Complaint and, on this basis, denies them, and further denies any implication of liability against Defendant relating thereto. Any remaining allegations in Paragraph 40 are denied.

41.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 41 of the Complaint and, on this basis, denies them, and further

denies any implication of liability against Defendant relating thereto. Any remaining allegations in Paragraph 41 are denied.

42.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 42 of the Complaint and, on this basis, denies them, and further denies any implication of liability against Defendant relating thereto. Any remaining allegations in Paragraph 42 are denied.

43.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 43 of the Complaint and, on this basis, denies them, and further denies any implication of liability against Defendant relating thereto. Any remaining allegations in Paragraph 43 are denied.

44.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 44 of the Complaint and, on this basis, denies them, and further denies any implication of liability against Defendant relating thereto. Any remaining allegations in Paragraph 44 are denied.

45.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 45 of the Complaint and, on this basis, denies them, and further denies any implication of liability against Defendant relating thereto. Any remaining allegations in Paragraph 45 are denied.

46.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 46 of the Complaint and, on this basis, denies them, and further denies any implication of liability against Defendant relating thereto. Any remaining allegations in Paragraph 46 are denied.

47.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 47 of the Complaint and, on this basis, denies them, and further denies any implication of liability against Defendant relating thereto. Any remaining allegations in Paragraph 47 are denied.

48.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 48 of the Complaint and, on this basis, denies them, and further denies any implication of liability against Defendant relating thereto. Any remaining allegations in Paragraph 48 are denied.

49.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 49 of the Complaint and, on this basis, denies them, and further denies any implication of liability against Defendant relating thereto. Any remaining allegations in Paragraph 49 are denied.

50.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 50 of the Complaint and, on this basis, denies them, and further denies any implication of liability against Defendant relating thereto. Any remaining allegations in Paragraph 50 are denied.

51.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 51 of the Complaint (particularly to the extent the full number is not provided) and, on this basis, denies them, and further denies any implication of liability against Defendant relating thereto. Any remaining allegations in Paragraph 51 are denied.

52.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 52 of the Complaint (particularly to the extent the full number is

not provided) and, on this basis, denies them, and further denies any implication of liability against Defendant relating thereto. Any remaining allegations in Paragraph 52 are denied.

53.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 53 of the Complaint (particularly to the extent the full number is not provided) and, on this basis, denies them, and further denies any implication of liability against Defendant relating thereto. Any remaining allegations in Paragraph 53 are denied.

54.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 54 of the Complaint (particularly to the extent the full number is not provided) and, on this basis, denies them, and further denies any implication of liability against Defendant relating thereto. Any remaining allegations in Paragraph 54 are denied.

55.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 55 of the Complaint (particularly to the extent the full number is not provided) and, on this basis, denies them, and further denies any implication of liability against Defendant relating thereto. Any remaining allegations in Paragraph 55 are denied.

56.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 56 of the Complaint and, on this basis, denies them, and further denies any implication of liability against Defendant relating thereto. Any remaining allegations in Paragraph 56 are denied.

57.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 57 of the Complaint (particularly to the extent the full number is not provided) and, on this basis, denies them, and further denies any implication of liability against Defendant relating thereto. Any remaining allegations in Paragraph 57 are denied.

58.    As to the allegations in Paragraph 58 of the Complaint, Defendant admits only that records may or could generally identify calls placed by Defendant, but Defendant otherwise lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 58 of the Complaint (particularly to the extent the full number is not provided) and, on this basis, denies them, and further denies any implication of liability against Defendant relating thereto. Any remaining allegations in Paragraph 58 are denied.

59.    As to the allegations in Paragraph 59 of the Complaint, Defendant admits only that records may or could generally identify calls placed by Defendant, but Defendant otherwise lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 59 of the Complaint (particularly to the extent the full number is not provided) and, on this basis, denies them, and further denies any implication of liability against Defendant relating thereto. Any remaining allegations in Paragraph 59 are denied.

60.    Defendant denies the allegations in Paragraph 60 of the Complaint.

61.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 61 of the Complaint and, on this basis, denies them, and further denies any implication of liability against Defendant relating thereto. Any remaining allegations in Paragraph 61 are denied.

62.    Defendant denies the allegations in Paragraph 62 of the Complaint.

## CLASS ALLEGATIONS

63.    The allegations in Paragraph 63 of the Complaint, in whole or in part, reflect legal conclusions to which no response is required. To the extent a response is deemed required, Defendant admits only that Plaintiff purports to bring this action on behalf of herself and a putative class, but denies that this case is worthy or capable of class treatment or that the proposed class

definition is sufficient or appropriate. Defendant denies any and all remaining allegations of Paragraph 63 of the Complaint.

64.     The allegations in Paragraph 64 of the Complaint, in whole or in part, reflect legal conclusions to which no response is required. To the extent a response is deemed required, Defendant admits only that Plaintiff purports to bring this action on behalf of herself and a putative class, but denies that this case is worthy or capable of class treatment or that the proposed class definition is sufficient or appropriate. Defendant denies any and all remaining allegations of Paragraph 64 of the Complaint.

65.     The allegations in Paragraph 65 of the Complaint, in whole or in part, reflect legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies any and all allegations in Paragraph 65 of the Complaint.

66.     The allegations in Paragraph 66 of the Complaint, in whole or in part, reflect legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies any and all allegations in Paragraph 66 of the Complaint.

67.     The allegations in Paragraph 67 of the Complaint, in whole or in part, reflect legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies any and all allegations in Paragraph 67 of the Complaint.

68.     The allegations in Paragraph 68 of the Complaint, in whole or in part, reflect legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies any and all allegations in Paragraph 68 of the Complaint.

69.     The allegations in Paragraph 69 of the Complaint, in whole or in part, reflect legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies any and all allegations in Paragraph 69 of the Complaint.

70.     The allegations in Paragraph 70 of the Complaint, in whole or in part, reflect legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies any and all allegations in Paragraph 70 of the Complaint.

71.     The allegations in Paragraph 71 of the Complaint, in whole or in part, reflect legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies any and all allegations in Paragraph 71 of the Complaint.

72.     The allegations in Paragraph 72 of the Complaint, in whole or in part, reflect legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies any and all allegations in Paragraph 72 of the Complaint.

73.     Defendant denies all allegations in Paragraph 73 of the Complaint.

74.     Defendant denies all allegations in Paragraph 74 of the Complaint.

75.     Defendant denies all allegations in Paragraph 75 of the Complaint.

76.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 76 of the Complaint and on this basis denies them.

77.     The allegations in Paragraph 77 of the Complaint, in whole or in part, reflect legal conclusions to which no response is required. To the extent a response is deemed required, Defendant admits the allegations in Paragraph 77 of the Complaint only to the extent that Plaintiff's counsel is "experienced and competent in class action litigation" but denies that this case is worthy or capable of class treatment or that the proposed class definition is sufficient or appropriate. Defendant denies any and all remaining allegations of Paragraph 77 of the Complaint.

78.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 78 of the Complaint and on this basis denies them, and further

denies any implication of liability against Defendant relating thereto. Any remaining allegations in Paragraph 78 are denied.

79. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 79 of the Complaint and on this basis denies them, and further denies any implication of liability against Defendant relating thereto. Any remaining allegations in Paragraph 79 are denied.

80. The allegations in Paragraph 80 of the Complaint, in whole or in part, reflect legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies any and all allegations in Paragraph 80 of the Complaint.

81. The allegations in Paragraph 81 of the Complaint, in whole or in part, reflect legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies any and all allegations in Paragraph 81 of the Complaint, including all subparts.

82. The allegations in Paragraph 82 of the Complaint, in whole or in part, reflect legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies any and all allegations in Paragraph 82 of the Complaint.

83. Defendant denies all allegations in Paragraph 83 of the Complaint.

84. Defendant denies all allegations in Paragraph 84 of the Complaint.

85. Defendant denies all allegations in Paragraph 85 of the Complaint.

86. Defendant denies all allegations in Paragraph 86 of the Complaint.

87. Defendant denies all allegations in Paragraph 87 of the Complaint.

88. Defendant denies all allegations in Paragraph 88 of the Complaint.

89. Defendant denies all allegations in Paragraph 89 of the Complaint.

## COUNT I
### (Violation of 47 U.S.C. § 227(b)(1)(A)(iii))

90.     Responding to Paragraph 90 of the Complaint, Defendant incorporates by reference its responses to all prior allegations to Paragraphs 1 through 89 above as if fully stated herein.

91.     Defendant denies all allegations in Paragraph 91 of the Complaint.

92.     Defendant denies all allegations in Paragraph 92 of the Complaint.

## PRAYER FOR RELIEF

WHEREFORE, Defendant denies each allegation set forth in the "Prayer for Relief" paragraph of Plaintiff's Complaint, and specifically denies that Plaintiff is entitled to any of the damages or other relief requested in the Complaint, including but not limited to the relief requested on pages 10 and 11 of the Complaint, or to any relief whatsoever. Defendant further denies that it violated the TCPA or any other law in relation to this action and thus denies that Plaintiff is entitled to relief under such laws. Defendant further denies that Plaintiff is entitled to treble damages or "[s]uch other and further relief" Plaintiff requests in the Complaint.

## GENERAL DENIALS

All allegations in the Complaint, including those presented in any and all attached exhibits or in any and all subparts or subparagraphs, that are not specifically admitted above are hereby expressly and fully denied, and Defendant denies any and all allegations implied or that may be inferred from any captions or headings in or footnotes to the Complaint or that purport to relate to conduct by other parties. For the avoidance of doubt, as to the responses above, Defendant denies any liability as to having violated the TCPA, or any applicable state or federal law, or that Plaintiff is entitled to any damages or other relief under the TCPA or otherwise, including but not limited to the specific statutory provisions identified in the Complaint or others. Defendant further denies Plaintiff or any putative class member is entitled to any relief or damages whatsoever, and demands

strict proof thereof. Defendant further denies that this Court has proper federal subject matter jurisdiction or that Plaintiff is entitled to class treatment. Any scrivener's errors should not be construed against Defendant and should be construed as a denial rather than an admission of liability.

## DEFENDANT'S AFFIRMATIVE DEFENSES TO THE COMPLAINT

By alleging the affirmative and other defenses herein and below, Defendant intends no alteration of any burden of proof that otherwise exists with regard to the claims in the Complaint. All defenses are pled in the alternative and do not constitute an admission either of liability, of subject matter jurisdiction, or as to whether Plaintiff is entitled to relief. Defendant reserves the right to bring affirmative claims against Plaintiff as permitted by applicable rules and law.

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

As reflected in Defendant's motion to dismiss the Complaint filed in this action (*see* Dkt. Nos. 14 and 18) and the briefing related thereto, which are incorporated herein by reference, and for other reasons, and notwithstanding the Court's ruling to the contrary on said motion (with which Defendant respectfully disagrees), Plaintiff's claims are barred in whole or in part because the Complaint fails to state a claim for relief or to plead facts supporting such a claim or facially-certifiable class allegations. In particular, Plaintiff's Complaint fails to, among other things, (1) set forth facts sufficient under federal pleadings standards to state or constitute a claim against Defendant under the TCPA, or (2) state facts sufficient to entitle Plaintiff to the relief sought, or any relief whatsoever, from Defendant. Further, Defendant contends Plaintiff will be unable to establish such facts as necessary to satisfy Plaintiff's burden of proof as to the claim asserted.

## SECOND AFFIRMATIVE DEFENSE

### (Not Willful and/or Knowing)

Plaintiff has not carried and cannot carry her burden of showing that any action or omission by Defendant was "willful" or "knowing" and, therefore is not entitled to treble damages under the TCPA or any other law that provides for treble damages.

## THIRD AFFIRMATIVE DEFENSE

### (Consent Provided or Not Required)

Plaintiff's claims are barred because, to the extent she received any calls directly from Defendant, which Defendant denies, or from third parties on Defendant's behalf in this action, if any, she and/or a third-party consented to receiving said calls and/or her consent was not required on account of the nature of the calls and the fact that such calls were not unwanted and, in fact, that such calls were requested and/or consented to by Plaintiff, an authorized third-party, and/or the user and/or subscriber of the phone number, the calls were not telemarketing in nature, and/or the caller did not employ a prohibited "artificial or prerecorded voice" message to call Plaintiff.

Defendant is also not liable for Plaintiff's claims to the extent that the subject communications qualify for a healthcare exemption under the TCPA, in that the TCPA expressly exempts alleged "prerecorded" calls to purported "residential" lines that "deliver a 'health care' message made by, or on behalf of, a 'covered entity' or its 'business associate,' as those terms are defined in the HIPAA Privacy Rule" from the TCPA's consent requirements. *See* 47 C.F.R. § 64.1200(a)(3)(v). *See also Silver v. City of Albuquerque*, 134 F.4th 1130, 1134 (10th Cir. 2025); *Edwards v. Signify Health, Inc.*, 2023 WL 3467558, at *3 (D. Nev. May 12, 2023); *Guglielmo v. CVS Pharmacy, Inc,* 2021 WL 3291532, at *2 (D. Conn. Aug. 2, 2021); *Latner v. Mount Sinai Health Sys., Inc*., 2016 WL 10571897, at *1-3 (S.D.N.Y. Dec. 14, 2016).

## FOURTH AFFIRMATIVE DEFENSE

### (Error)

Plaintiff's claims are barred because, to the extent she received any calls directly from Defendant or on behalf of Defendant, which Defendant denies, such calls were the result of error; therefore, Defendant did not knowingly or willfully violate the TCPA.

## FIFTH AFFIRMATIVE DEFENSE

### (Good Faith)

At all times relevant to the matters alleged in the Complaint, Defendant acted in good faith, reasonably and without any actual or constructive knowledge of any alleged breach of any legal duty owed to Plaintiff, or any other alleged wrong done to Plaintiff; therefore, Defendant did not knowingly or willfully violate the TCPA.

## SIXTH AFFIRMATIVE DEFENSE

### (Third Party Acts / Platform Provider Liability)

Plaintiff's claims are barred because the alleged conduct was caused or contributed to by the acts or omissions of Plaintiff and/or third parties other than Defendant, over which Defendant had no control, and for which Defendant is not liable either directly or vicariously.  To the extent a third-party made the calls as alleged, that third-party was not authorized to make, and in fact was expressly prohibited from making, calls in such a manner. Accordingly, Defendant is not vicariously liable under the TCPA for such activity.

Defendant is also not liable for Plaintiff's claims to the extent that it is merely a passive "platform provider" hired to facilitate calls on behalf of others, in that the subject calls were not proscribed and arranged by Firstsource but rather were purely reactive in nature. Thus, Firstsource is not liable under the TCPA as a matter of law. *See, e.g., Rogers v. Assurance IQ, LLC*, 2023 WL

2646468, at *6 (W.D. Wash. Mar. 27, 2023) (citing, *inter alia*, *Kauffmann v. CallFire, Inc.,* 141 F. Supp. 3d 1044, 1047-1050 (S.D. Cal. 2015) and *In re Rules & Regs. Implementing the TCPA*, 30 FCC Rcd. 7961, 7980 ¶ 30 (2015)); *Frank v. Cannabis & Glass, LLC,* 2019 WL 4855378, at *2-3 (E.D. Wash. Oct. 1, 2019); *Sheski v. Shopify (USA) Inc.,* 2020 WL 2474421, at *3-4 (N.D. Cal. May 13, 2020); *Meeks v. Buffalo Wild Wings, Inc.,* 2018 WL 1524067, at *1-6 (N.D. Cal. Mar. 28, 2018).

## SEVENTH AFFIRMATIVE DEFENSE

### (Failure to Join)

Plaintiff's claims fail due to her failure to join necessary or indispensable parties in this action, including but not limited to the person(s) or entity (or entities) who made or is legally responsible for the alleged calls in purported violation of the TCPA and/or acted on such person's or entity's behalf in doing so and any other user or owner of the subject phone number who provided consent to be contacted by Defendant.

## EIGHTH AFFIRMATIVE DEFENSE

### (Fifth Amendment Due Process)

To the extent the TCPA is applied against Defendant to impose upon Defendant liability in circumstances that Defendant could not have reasonably avoided and/or damages that would be grossly disproportional to any actual harm caused by the activity in question, the TCPA violates the Due Process Clause of the Fifth Amendment to the United States Constitution. *See Golan v. Veritas Ent., LLC,* 2017 WL 3923162, at *3 (E.D. Mo. Sept. 7, 2017), *aff'd sub nom. Golan v. FreeEats.com, Inc.*, 930 F.3d 950 (8th Cir. 2019) (citing *Capital Records, Inc. v. Thomas-Rasset*, 692 F.3d 899, 907 (8th Cir. 2012) ("[T]he TCPA's statutory damages clause is constitutional, but a specific damages award may be unconstitutional if it is so severe and oppressive as to be wholly disproportionate to the offense and obviously unreasonable.")).

## NINTH AFFIRMATIVE DEFENSE

### (Due Process – Punitive Damages)

To the extent that the Complaint seeks punitive or exemplary damages under the TCPA, it violates the rights of Defendant under the Due Process provisions of the United States Constitution. Specifically, grossly excessive penalties entered on a discretionary basis may amount to an "arbitrary deprivation of property without the due process of law." *See, e.g. TXO Prod Corp. v. Alliance Res. Corp.*, 509 U.S. 443, 453, 454 (1993); *BMW of N. Am., Inc. v. Gore*, 517 U.S. 559, 562 (1996). The TCPA affords discretion to award up to $1,500.00 "per violation."

## TENTH AFFIRMATIVE DEFENSE

### (Eighth Amendment Excessive Fines)

To the extent the TCPA is applied against Defendant to impose liability that would be grossly disproportional to any actual harm allegedly caused by the activity in question, the TCPA violates the Eighth Amendment to the United States Constitution, which prohibits excessive fines. Statutory penalties violate due process rights "where the penalty prescribed is so severe and oppressive as to be wholly disproportionate to the offense and obviously unreasonable." *United States v. Citrin*, 972 F. 2d 1044, 1051 (9th Cir. 1992) (quoting *St. Louis, I.M. & S. Ry. Co. v. Williams*, 251 U.S. 63, 66-67 (1919)).

## ELEVENTH AFFIRMATIVE DEFENSE

### (De Minimis Harm)

Plaintiff's claims are barred, in whole or in part, by the doctrine of de minimis harm because the actual harm allegedly suffered by Plaintiff (if any) is negligible.

## TWELFTH AFFIRMATIVE DEFENSE

### (Equitable Defenses)

Plaintiff's claims are barred, in whole or in part, based upon the doctrines of unclean hands, estoppel, waiver, and/or other doctrines or theories of equity, including but not limited to assumption of risk, particularly (but not limited) to the extent that Plaintiff consented to receiving the calls and/or authorized another person's use of the phone number at issue and/or provision of consent for calls to that number, or requested, sought out, induced or otherwise encouraged phone calls for the sole or intended purpose of bringing TCPA claims. Further, Plaintiff's claims may be or are barred in whole or in part by any applicable statutes of limitation. For the avoidance of doubt, failure to list a specific equitable defense herein should not be construed as a waiver of any equitable defenses. Rather, Defendant invokes, without limitation, any and all equitable defenses available to it under applicable law and interpretive authority. Further, Plaintiff's claims may be or are barred in whole or in part by any applicable statutes of limitation.

For the avoidance of doubt, failure to list a specific equitable defense herein should not be construed as a waiver of any equitable defenses. Rather, Defendant invokes, without limitation, any and all equitable defenses available to it under applicable law and interpretive authority, and invokes all other affirmative defenses, protections, and limitations available under the TCPA or applicable law.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (No Injunctive Relief)

Under applicable binding and other authority, Plaintiff has failed to state facts that would entitle her to obtain injunctive relief because, among other reasons, there is no threat of immediate and/or continuing harm, and therefore Plaintiff lacks standing to pursue this relief and/or such

relief is not available as a matter of law. *See, e.g.*, *Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 158 (2014); *TransUnion LLC v. Ramirez*, 594 U.S. 413, 435 (2021); *Miller v. Time Warner Cable Inc.*, 2016 WL 7471302, at *2–4 (C.D. Cal. Dec. 27, 2016).

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Lack of Standing)

Plaintiff lacks standing to bring her claims under Article III of the United States Constitution or otherwise (including "prudential" or "statutory" standing), particularly to the extent that Plaintiff is not the owner and/or user of the phone number, consented to receive the calls at issue in this action, requested to be called, induced the calls and/or authorized another third-party to do so, did not suffer any injury-in-fact, cannot trace any alleged injury to Defendant and/or is not within the "zone of interests" that the TCPA and other laws invoked were designed to protect, among other reasons. Plaintiff further lacks standing to the extent that she did not receive the calls at issue, or the at-issue calls did not involve an artificial or prerecorded voice, or the equipment used to make calls is not covered by or subject to the TCPA, among other reasons. For the avoidance of doubt, Defendant invokes all affirmative defenses, defenses, protections, and limitations of the TCPA and available under applicable law and FCC guidelines.

Further, Defendant asserts that unnamed class members may lack Article III standing, even if Plaintiff is demonstrated to have standing, and therefore Defendant submits that such putative class members are barred from seeking relief under the TCPA and that class certification should not be permitted. *See, e.g., Huber v. Simon's Agency, Inc.*, 2023 WL 6629836 (3rd Cir. Oct. 12, 2023).

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Intervening/Superseding Cause)

The Complaint is barred, in whole or in part, to the extent that Plaintiff's purported damages, if any, resulted from acts and/or omissions of other parties, third parties, conditions, or by forces and/or things over whom/which Defendant had no control, including but not limited to any user or subscriber of the phone number who provided consent to receive the calls at issue. Thus, the acts of such other parties/third parties/forces/conditions constitute intervening or superseding causes of any purported harm.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (No Proximate Cause)

If Plaintiff suffered or sustained any damages or injury as a proximate result of the purported conduct of Defendant, which Defendant denies, such damages or injury were proximately caused by or contributed to by the acts and/or negligence of Plaintiff and/or third parties, which bars or reduces Plaintiff's right to recover any such damages against Defendant.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Class Not Certifiable)

Plaintiff does not meet the class requirements of Rule 23 of Federal Rules of Civil Procedure. Specifically, Plaintiff cannot meet the requirements of numerosity, commonality, typicality and adequate representation. Additionally, the putative class is not ascertainable by objective measures and common issues of law and fact do not predominate over individualized inquiries, including because the circumstances under which individuals might provide consent and/or revoke consent can naturally vary by individual. Moreover, some or all of the purported claims in the Complaint are

barred because Plaintiff has not and cannot show that class action treatment is superior to other methods for the fair and efficient adjudication of this controversy.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Reservation of Defenses)

Certain additional affirmative and other defenses to the Complaint and to the purported claims for relief stated therein may be available to Defendant. However, these additional defenses may require discovery before they can be properly alleged as certain information is in the hands of Plaintiff and/or third parties. Thus, Defendant reserves the right to assert other separate and additional defenses, if and when they become appropriate in this action and to the extent allowed.

## RESERVATIONS OF ALL OTHER RIGHTS AND PRIVILEGES

Defendant expressly reserves the right to amend its responses and affirmative defenses above for any reason as permitted by applicable rules, orders, and law. Defendant further reserves the right to move to compel Plaintiff to arbitrate his claims, if and when it is determined there is an applicable arbitration agreement between the parties; thus, this pleading should not be viewed as a waiver of Defendant's arbitral rights. Defendant reserves and does not waive the right to bring an affirmative action against Plaintiff or any responsible third parties, if and when it determines it has a legal and factual basis to do so, in accordance with applicable rules and law. Defendant further reserves the right (and intends) to file a motion seeking interlocutory appeal of the Court's Order of June 25, 2025 (*see* Dkt. 19) denying Defendant's Motion to Dismiss Plaintiff's Complaint (*see* Dkt. 14) pursuant to 28 U.S.C. § 1292(b), and nothing herein should be a waiver of any arguments with respect thereto. For the avoidance of doubt, Defendant reserves all rights and privileges afforded to it under applicable rules and law, and intends no waiver hereby, whether or not said rights and privilege are expressly identified herein.

## JURY TRIAL DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Defendant demands a trial by jury of all issues triable of right by jury.

## DEFENDANT'S PRAYER FOR RELIEF

WHEREFORE, Defendant respectfully requests that the Court enter judgment in its favor, dismiss Plaintiff's Complaint with prejudice, award Defendant all of its costs and attorneys' fees incurred in defending this action to the extent available under applicable law, and grant Defendant all other relief as the Court deems just and appropriate.

Dated: July 23, 2025

Respectfully submitted,

By: /s/ Casey L. Hinkle

Casey L. Hinkle
**Kaplan Johnson Abate & Bird LLP**
710 W. Main St., 4th Fl.
Louisville, KY 40202
Tel:     (502) 416-1630
Email:  chinkle@kaplanjohnsonlaw.com

A. Paul Heeringa (admitted *pro hac vice*)
**Manatt, Phelps & Phillips, LLP**
151 N. Franklin Street, Suite 2600
Chicago, Illinois 60606
Tel: 312.529.6300
Email: pheeringa@manatt.com

*Counsel for Defendant*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on July 23, 2025, the foregoing was filed via the Court's electronic filing system, which will automatically send notice of such filing to all counsel of record.

/s/ Casey L. Hinkle
*Counsel for Defendant*