**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**LOUISVILLE DIVISION**

| | | |
|---|---|---|
| Cynthia R. Barry, *on behalf of herself and others similarly situated*, | ) ) ) | Case No. 3:24-cv-00648-GNS-RSE |
| Plaintiff, | ) ) ) | |
| v. | ) ) | |
| Firstsource Solutions USA, LLC, | ) ) ) | |
| Defendant. | ) ) | |

**JOINT REPORT OF THE PARTIES' PLANNING MEETING**

Pursuant to Rule 26(f) and this Court's July 24, 2025 Order, Doc. 27, Cynthia R. Barry ("Plaintiff") and Firstsource Solutions USA, LLC ("Defendant") respectfully submit the following report:

a. the parties' views and proposals required by Rule 26(f):

(A) what changes should be made in the timing, form, or requirement for disclosures under Rule 26(a), including a statement of when initial disclosures were made or will be made:

The parties will exchange initial disclosures by August 20, 2025.

(B) the subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused on particular issues:

The parties propose phased discovery as follows:

Discovery as to the merits of Plaintiff's individual Telephone Consumer Protection Act ("TCPA") claim against Defendant as alleged in the operative complaint, including Defendant's defenses to Plaintiff's individual TCPA claim, shall proceed for 120 days after entry of the scheduling order.

All discovery during the initial bifurcated period shall be limited to issues relevant to determining the merits of Plaintiff's individual TCPA claim as alleged against Defendant in the operative complaint and Defendant's defenses to Plaintiff's individual claim, specifically: (i) whether Defendant is directly or vicariously liable

1

under the TCPA for the subject calls to Plaintiff; (ii) whether Plaintiff received a "prerecorded" voicemail message on her cell phone (or if such regulated technology was used); (iii) whether Plaintiff provided consent to receive such calls; and (iv) whether Plaintiff has standing to bring her claim. Merits discovery that overlaps with whether Plaintiff would be an adequate class representative will also be permitted, to the extent such discovery is relevant to the merits of Plaintiff's claim and Defendant's defenses to Plaintiff's claim.

The parties can issue reasonable third-party discovery (i.e., subpoenas) during this initial discovery period as needed, but class-specific discovery (i.e., discovery beyond the merits of Plaintiff's individual claim and Defendant's defenses to Plaintiff's individual claim) shall not be allowed during the initial period.

Bifurcation will not impact the number of depositions a party is permitted, though the parties would be able to split the full seven hours allotted under the Federal Rules for a deposition. The parties can, however, agree to provide more time or to additional depositions, or petition the Court for more time or additional depositions for good cause.

After the initial discovery period and completion of summary judgment briefing as to Plaintiff's individual TCPA claim (if any), the Court shall set a further case management and scheduling conference, to occur at the Court's convenience, in order to set a schedule for class discovery and all other case management deadlines, if necessary. The parties will submit proposed schedules for the Court's consideration. If no summary judgment motions are filed by the deadline above, the Court will set the conference at that time.

The parties may petition the Court (jointly or unilaterally) to extend the bifurcated period and deadlines above, as needed, for good cause.

(C) any issues about disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced;

The parties do not anticipate any such issues during the first phase of discovery. Call logs will be produced in Excel format.

(D) any issues about claims of privilege or of protection as trial-preparation materials, including—if the parties agree on a procedure to assert these claims after production—whether to ask the court to include their agreement in an order under Federal Rule of Evidence 502

The parties anticipate agreeing to a confidentiality stipulation to govern the production of confidential information. They anticipate including in this agreement a provision that permits the claw-back of inadvertently produced attorney work product or attorney-client privileged information.

(E) what changes should be made in the limitations on discovery imposed under these rules or by local rule, and what other limitations should be imposed; and

As noted above, the parties propose a phased discovery schedule.

(F)  any other orders that the court should issue under Rule 26(c) or under Rule 16(b) and (c).

None at this time.

b.  the length of time counsel reasonably believes will be necessary to join other parties and to amend the pleadings;

The parties propose a deadline of November 7, 2025 to join other parties and to amend the pleadings.

c.  the length of time counsel reasonably believes will be necessary to file dispositive motions; in setting a dispositive motion deadline, the Court will establish the same date for the filing of Daubert motions

The parties propose that opening summary judgment motions as to the merits of Plaintiff's individual TCPA claim and Defendant's affirmative defenses shall be due 30 days after the close of the initial phase of individual discovery (i.e., 150 days after the entry of the scheduling order);

Oppositions to summary judgment due 30 days after service of opening motions; and

Reply briefs in support of summary judgment due fifteen (15) days after service of oppositions.

d.  the length of time counsel reasonably believes will be necessary to complete all pretrial discovery, including expert witness discovery:

As outlined above, the parties propose 120 days for the completion of discovery related to Plaintiff's individual claim and Defendant's defenses to Plaintiff's individual claim. If this case continues after summary judgment as to Plaintiff's individual claim, the parties will propose deadlines to govern the second phase of discovery, including expert witness disclosures.

e.  the length of time counsel reasonably believes will be necessary for the parties to make the expert disclosures required by Rule 26(a)(2), with these disclosures to be made during the pretrial discovery phase of the case:

The parties do not anticipate the need for expert disclosures regarding Plaintiff's individual claim. The parties likely will make expert disclosures required by Rule 26(a)(2) during the second phase of discovery.

f.  the probable length of trial and whether there will be issues to submit to a jury:

One to two days if no class is certified, and four to five days if a class is certified.

3

g.     The parties have discussed referral of this case to the United States Magistrate Judge for all purposes in the case, including trial, entry of a final judgment, and all post judgment proceedings, pursuant to Title 28 United States Code, Section 636(c) and Rule 73 of the Federal Rules of Civil Procedure and LR 73.1.

The parties do not consent to referral of this case to the United States Magistrate Judge for all purposes.

DATED: August 13, 2025

s/ Michael L. Greenwald
Michael L. Greenwald (*pro hac vice*)
GREENWALD DAVIDSON RADBIL PLLC
5550 Glades Road, Suite 500
Boca Raton, FL 33431
Tel: (561) 826-5477
mgreenwald@gdrlawfirm.com

*Counsel for Plaintiff and the proposed class*

s/ Casey L. Hinkle
Casey L. Hinkle
KAPLAN JOHNSON ABATE & BIRD LLP
710 W. Main St., 4th Fl.
Louisville, KY 40202
Tel: (502) 416-1630
chinkle@kaplanjohnsonlaw.com

Paul Heeringa (*pro hac vice*)
MANATT, PHELPS & PHILLIPS, LLP
151 N. Franklin Street, Suite 2600
Chicago, IL 60606
Tel: (312) 529-6300
pheeringa@manatt.com

*Counsel for Defendant*

4