# EXHIBIT A

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## LOUISVILLE DIVISION

| | |
|---|---|
| Cynthia R. Barry, *on behalf of herself and others similarly situated*, ) ) ) | |
| Plaintiff, ) ) | Case No. 3:24-cv-00648-GNS-RSE |
| v. ) ) | |
| Firstsource Solutions USA, LLC, ) ) | |
| Defendant. ) ) | |

### PLAINTIFF'S INITIAL WRITTEN DISCOVERY REQUESTS

Pursuant to Fed. R. Civ. P. 33, 34 and 36, Cynthia R. Barry ("Plaintiff") requests that Firstsource Solutions USA, LLC ("Defendant") answer and respond to the following interrogatories, requests for production, and requests for admission, under oath, and within thirty days.

### Definitions

A.  The term "account records" means all documents, electronically stored information, and data, which Defendant maintains in the regular course of business for an account or customer.

B.  The term "communication" includes the transmission or receipt of information, opinions, or thoughts, from one person to another person, whether made or accomplished orally, by document, or by electronically stored information, whether face-to-face, by telephone, by mail, by email, by facsimile, by personal delivery, or otherwise, including words transmitted by telephone or voice recording.

1

C. The phrase "discovery request" includes interrogatories, requests for production of documents and electronically stored information, and requests for admission.

D. The term "document" means that as defined by the Federal Rules of Civil Procedure.

E. "Electronically stored information" means that as defined by the Federal Rules of Civil Procedure.

F. Should a specific term be undefined, and should Defendant feel the term is ambiguous, please contact Plaintiff's counsel for clarification, or refer to the definition of the term as listed in the Merriam-Webster dictionary.

**Relevant Time Period**

The relevant time period for Plaintiff's discovery requests, unless otherwise indicated, begins on November 9, 2020 and continues through the present.

**Interrogatories**

1. Identify each communication, or attempted communication, between Defendant and Plaintiff, or between Defendant and ▮▮▮▮▮▮.

2. Identify each call Defendant made to Plaintiff, or to ▮▮▮▮▮▮.

3. Identify each call Defendant made to Plaintiff, or to ▮▮▮▮▮▮, in connection with which an artificial or prerecorded voice was used.

4. Identify any entity Defendant retained, engaged, or employed to place calls or deliver artificial or prerecorded voice messages to telephone number ▮▮▮▮▮▮.

5. Identify each call made to telephone number ▮▮▮▮▮▮ by any entity Defendant retained, engaged, or employed to place calls or deliver artificial or prerecorded voice messages.

6. Identify the reason(s) Defendant placed, or retained, engaged, or employed a third party to place, calls to Plaintiff, or to ▮▮▮▮▮▮, and the intended recipient(s) of the calls to ▮▮▮▮▮▮.

2

7. Identify any business relationship or account(s) Plaintiff has, or had, with Defendant.

8. Describe Defendant's efforts to verify or confirm that telephone number ▇▇▇▇▇ was assigned to the intended recipient of Defendant's calls.

9. Describe Defendant's efforts to verify or confirm that telephone number ▇▇▇▇▇ was a cellular telephone number.

10. Identify from whom, for what purpose, when, from where, why, and how, Defendant obtained or procured telephone number ▇▇▇▇▇ as it pertains to the calls identified in Plaintiff's class action complaint, ECF No. 1.

11. For each affirmative defense Defendant asserts, state the factual basis and identify all evidence on which Defendant relies in asserting it.

12. Identify all entities to which Defendant provided permission, consent, or authorization, to deliver prerecorded voice messages that stated, in part, "Hello, this is Firstsource[.]"

13. Identify all entities to which Defendant provided permission, consent, or authorization, to deliver prerecorded voice messages that stated, in part, "screen.firstsource.com".

14. Identify all telephone numbers from which Defendant placed or caused to be placed an outgoing call in connection with which Defendant used an artificial or prerecorded voice.

**Requests for Production**

1. Account records for the account(s) Defendant associates with Plaintiff, or with ▇▇▇▇▇.

2. Documents and electronically stored information sufficient to identify each communication between Defendant and Plaintiff, or between Defendant and ▇▇▇▇▇.

3. Documents and electronically stored information sufficient to identify each call Defendant made to Plaintiff, or to ▇▇▇▇▇.

4. Documents and electronically stored information sufficient to identify each call Defendant made to Plaintiff, or to ▇▇▇▇▇, in connection with which an artificial or prerecorded voice was used.

5. Documents and electronically stored information sufficient to identify each call made to Plaintiff, or to ▇▇▇▇▇, by a third party Defendant retained, engaged, or employed to place such calls.

6. Documents and electronically stored information sufficient to identify each call made to Plaintiff, or to ▮▮▮▮▮▮▮▮▮, by a third party Defendant retained, engaged, or employed to place such calls, in connection with which an artificial or prerecorded voice was used.

7. Documents and electronically stored information sufficient to identify the reason(s) Defendant placed, or retained, engaged, or employed a third party to place, calls to Plaintiff, or to ▮▮▮▮▮▮▮▮▮, and the intended recipient(s) of Defendant's calls.

8. Documents sufficient to identify all persons that Defendant associates with telephone number ▮▮▮▮▮▮▮▮▮.

9. Documents and electronically stored information sufficient to identify any business relationship or account(s) Plaintiff has, or had, with Defendant.

10. Documents and electronically stored information sufficient to identify any business relationship or account(s) Plaintiff has, or had, with Brandon Regional Hospital.

11. Policies, practices, and procedures that Defendant uses or used to avoid violations of the Telephone Consumer Protection Act ("TCPA"), and documents and electronically stored information sufficient to identify any training Defendant provides to its employees regarding how to notate calls when informed it is calling the wrong person or wrong telephone number.

12. Documents and electronically stored information sufficient to identify any vendors or other third parties who made calls on behalf of or at the direction of Defendant to telephone number ▮▮▮▮▮▮▮▮▮.

13. Documents and electronically stored information sufficient to identify Defendant's document and electronically stored information retention and destruction policies and procedures, as well as any changes in those policies or procedures, as they relate to documentation of calls Defendant made, or caused to be made, in connection with which an artificial or prerecorded voice was used.

14. Documents and electronically stored information referencing complaints under the TCPA from persons about calls Defendant made, or caused to be made, to wrong or reassigned, or allegedly wrong or reassigned, telephone numbers.

15. Copies of any artificial or prerecorded voice messages or scripts used by Defendant, or its vendors or agents, in connection with calls it made, or caused to be made, to Plaintiff, or to ▮▮▮▮▮▮▮▮▮.

16. Documents and electronically stored information Defendant contends support the factual bases for its affirmative defenses.

17. Documents and electronically stored information Defendant contends is evidence of express consent it had, or has, to place calls to Plaintiff, or to ▮▮▮▮▮▮▮▮▮, using an artificial or prerecorded voice.

4

18. Results of any scrubs or other analysis performed on telephone number ▆▆▆▆ by Defendant, one of Defendant's vendors, or another third party on behalf of or at the direction of Defendant, including with reference to the Federal Communications Commission's Reassigned Numbers Database.

19. Contracts or other written agreements between Defendant and the person(s) or entity(ies) that provided Defendant with telephone number ▆▆▆▆.

20. Documents and information sufficient to identify from whom, for what purpose, when, from where, why, and how, Defendant obtained or procured telephone number ▆▆▆▆.

21. Recording(s) of all communications between Defendant and Plaintiff, or between Defendant and ▆▆▆▆.

22. If Defendant states that it did not place calls to ▆▆▆▆, contracts or other agreements between Defendant and any entity that placed calls to ▆▆▆▆ on Defendant's behalf or at Defendant's direction.

23. Documents sufficient to identify disclosures and contract terms Defendant contends provided it with express consent to place calls to ▆▆▆▆ with an artificial or prerecorded voice.

## Requests for Admission

1. Admit Defendant made calls to telephone number ▆▆▆▆ between September 1, 2022 and the present.

2. Admit Defendant made calls in connection with which an artificial or prerecorded voice was used, to telephone number ▆▆▆▆, between September 1, 2022 and the present.

3. Admit Plaintiff informed Defendant that Defendant was calling the wrong number.

4. Admit Defendant made calls in connection with which an artificial or prerecorded voice was used, to telephone number ▆▆▆▆ between September 1, 2022 and the present, and after Plaintiff informed Defendant it was calling the wrong number.

5. Admit Defendant made calls in connection with which an artificial or prerecorded voice was used, to telephone number ▆▆▆▆ between September 1, 2022 and the present, in an attempt to reach someone other than Plaintiff.

6. Admit that Defendant owns screen.firstsource.com.

7. Admit that Defendant controls screen.firstsource.com.

8. Admit Defendant does not have any business relationship with Plaintiff.

9. Admit Defendant did not have any business relationship with Plaintiff at any time between September 1, 2022 and the present.

10. Admit Defendant has no records of an account with Plaintiff.

11. Admit Defendant has no records of Plaintiff having an account with Brandon Regional Hospital.

12. Admit Defendant did not obtain telephone number ▇▇▇▇▇▇ from Plaintiff.

13. Admit Plaintiff did not provide telephone number ▇▇▇▇▇▇ to Defendant.

14. Admit Defendant does not have a written or electronic document from Plaintiff by way of which Plaintiff gave permission for Defendant to make calls to telephone number ▇▇▇▇▇▇ using, or causing to be used, an artificial or prerecorded voice.

15. Admit Defendant did not retain, engage, or employ a vendor or third party to place calls to telephone number ▇▇▇▇▇▇.

16. Admit Defendant did not direct a vendor or third party to place calls to telephone number ▇▇▇▇▇▇.

17. Admit Plaintiff did not give permission for Defendant to make calls using an artificial or prerecorded voice to telephone number ▇▇▇▇▇▇.

18. Admit Plaintiff did not give Defendant express consent to make calls using an artificial or prerecorded voice to telephone number ▇▇▇▇▇▇.

19. Admit Defendant does not have a written or electronic document from Plaintiff by way of which she gave permission for Defendant to make calls using an artificial or prerecorded voice, to telephone number ▇▇▇▇▇▇, intended for a third party.

20. Admit Defendant does not have a written or electronic document from Plaintiff by way of which she gave permission for Defendant to make calls using, or causing to be used, an artificial or prerecorded voice, to telephone number ▇▇▇▇▇▇, intended for someone other than Plaintiff.

21. Admit Plaintiff did not give permission for Defendant to make calls using, or causing to be used, an artificial or prerecorded voice, to telephone number ▇▇▇▇▇▇, intended for someone other than Plaintiff.

22. Admit Plaintiff did not give Defendant express consent to make calls using, or causing to be used, an artificial or prerecorded voice, to telephone number ▇▇▇▇▇▇, intended for someone other than Plaintiff.

23. Admit Defendant does not use the Federal Communications Commission's Reassigned Numbers Database.

24. Admit Defendant did not use the Federal Communications Commission's Reassigned Numbers Database between November 9, 2020 and the present.

25. Admit Defendant did not use the Federal Communications Commission's Reassigned Numbers Database with respect to telephone number ▮▮▮▮▮▮▮▮ at any time on or after November 9, 2020.

26. Admit Defendant's calls to telephone number ▮▮▮▮▮▮▮▮ were not made for emergency purposes.

DATED: August 13, 2025

                                                  *s/ Michael L. Greenwald*
Michael L. Greenwald (*pro hac vice*)
GREENWALD DAVIDSON RADBIL PLLC
5550 Glades Road, Suite 500
Boca Raton, FL 33431
Tel: (561) 826-5477
mgreenwald@gdrlawfirm.com

*Attorneys for Ms. Barry and the Proposed Class*

## CERTIFICATE OF SERVICE

I certify that on August 13, 2025, I served a copy of the foregoing, by email, on counsel for Defendant:

Casey L. Hinkle
KAPLAN JOHNSON ABATE & BIRD LLP
chinkle@kaplanjohnsonlaw.com

A. Paul Heeringa
MANATT, PHELPS & PHILLIPS, LLP
pheeringa@manatt.com

Attorneys for Defendant

                                                  */s/ Michael L. Greenwald*
Michael L. Greenwald